## Noble v. Cardwell.

(Decided October 30, 1925.)

### Appeal from Breathitt Circuit Court.

Elections—Reviewing Tribunal will Give to Findings of Fact of Special Judge Trying Election Contest Weight Uusally Given Trial Judge.—Where neither contestant nor contestee in primary election contest were chargeable with frauds or illegal voting in certain precincts, and special judge trying contest seemed to have impartially purged illegal votes of such precincts, and result arrived at doing no apparent injustice to either of parties, held, that reviewing tribunal will give to his findings of fact weight usually accorded trial judge, required to pass on evidence without assistance of jury.

JOHN D. CARROLL and E. C. HYDEN for appellant.

O. H. POLLARD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The contest involved in this case arises out of a primary election held in the county of Breathitt, in which the appellant, Cora M. Noble, and the appellee, Ed. B. Cardwell, together with others, were candidates for the Democratic nomination for the office of county court clerk. Upon the face of the returns made by the election officers of the various election precincts, the tabulation of the votes so returned and certification of the result thereof, as made by the county board of election commissioners, the appellee Cardwell was found to have received a majority of all the votes cast and duly declared the nominee of the Democratic party for the office in question. Thereupon the appellant Noble instituted in the court below this contest, denying the right of the appellee to the nomination conferred upon him by the certificate of the county board of election commissioners and claiming such right for herself.

The trial of the contest in the circuit court, resulted in a judgment confirming the right of the appellee to the nomination in question and dismissing the appellant's contest. From that judgment the latter has appealed. It appears from the notice of contest and accompanying pleadings that the vote of six precincts was involved; the appellant asked that two of these, the Taulbee and Van Clea precincts, be thrown out on account of fraud, and the casting of illegal votes therein, especially those cast for the appellee. The appellee by way of counter-contest on like grounds asked that the remaining four of the six, Leatherwood, Crockettsville, George's Branch and Wolf Coal precincts, be thrown out, and the appellant conceded that the vote of the Leatherwood precinct was properly disregarded by the trial court.

The trial court by its recount found that the appellee had received altogether 1,055 legal votes, and the appellant 1,033 legal votes, which gave the former a majority of 22 votes, instead of the 55 majority shown on the face of the returns.

For the appellant it is insisted that there should have been deducted from the 1,055 votes counted for the appellee 92 votes allowed him in the Taulbee precinct and 103 allowed him in the Van Clea precinct, which would have reduced his entire vote to 860; and that there should have been deducted from the 1,033 votes allowed appellant by the recount only the 68 votes returned for her in the Leatherwood precinct, which, as claimed, properly would have reduced her entire vote to 965 and entitled her to the nomination by a majority of 105 votes.

Obviously, the brief time allowed us for reading the large mass of evidence contained in the record, and the necessity for an immediate decision of the contest, have prevented us from giving the questions involved the careful consideration to which they were entitled. We agree with the opinion of the trial court that it appears from the testimony that the secrecy of the ballot and requirements of the law applying to voters unable to mark their ballots were given "scant consideration" by the election officers in a number of the precincts in controversy. While the most flagrant violations of the law seem to have occurred in the Taulbee and Leatherwood precincts, there were, also, violations of the law in others, but the frauds, illegal voting and irregularities occurring in the precincts attacked by the appellee were practically as

numerous as were those occurring in the precincts attacked by the appellant; and as neither the appellant nor appellee is, under the evidence, chargeable with or responsible for such frauds or illegal voting as may have been committed or done in any of the precincts in question, and the special judge trying the contest seems to have impartially purged the vote of those precincts of such votes as it was possible under the evidence to identify as illegal, and the result arrived at does no apparent injustice to either of the parties in interest, we feel it our duty to give to his findings of fact the weight usually accorded a trial judge required to pass upon evidence without the assistance of a jury. So under the circumstances we are unable to find any just reason for disturbing the judgment.

Hence, without passing on the question as to whether the courts in a contest arising out of a primary election are empowered to throw out the entire vote of a precinct, it is our conclusion that the judgment should be and is affirmed, the mandate to issue at once, as usual in such cases.